CORRECTED

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-1781V
(not to be published)

| | |
|---|---|
| LUCINDA LONG,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 7, 2020, Lucinda Long filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of the influenza ("flu") vaccine she received on September 30, 2019. Petition at 1. On August 26, 2022, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 33.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 19, 2022, Petitioner filed a motion for attorney's fees and costs, requesting a total award of $19,100.65 (representing $17,264.00 in fees, plus $1,836.65 in costs). ECF No. 39. In accordance with General Order No. 9, counsel for Petitioner represented that Petitioner incurred no out-of-pocket expenses. *Id.* at 2. Respondent reacted to the motion on October 24, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 40. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and cost for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

Petitioner requests the following rates for the Muller Brazil attorneys perfirming work in this matter:

|  | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|
| **Laura Levenberg** | X | X | $350 | $375 |
| **Maximillian Muller** | $325 | $350 | $375 | $400 |
| **Leigh Finfer** | X | $200 | X | X |

The rates requested for Mr. Muller and Ms. Finfer are reasonable, and consistent with what has previously been awarded, and shall therefore be awarded herein. Ms. Levenberg, however, was previously awarded the lesser rate of $275 per hour for time billed in 2021 and 2022. *See Winkle* v. *Sec'y of Health & Hum. Servs.,* No. 20-0485V, 2022 WL 2398805 (Fed. Cl. Spec. Mstr. May 31, 2022); *Williams* v. *Sec'y of Health & Hum. Servs.,* No. 20-0519V, 2022 WL 4474287 (Fed. Cl. Spec. Mstr. Aug. 26, 2022). Thus, Ms. Levenberg's requested rates reflect increases of $75.00 for 2021, and $100.00 for 2022.

As I have previously stated, however, "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances." *Jefferson v. Sec'y of Health & Hum. Servs.,* No. 19-1882V, 2023 WL 387051, at *2 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Petitioner justifies her request in the case by arguing that the rates previously awarded for Ms. Levenberg were based upon an incorrect representation of her level of experience. Motion for Fees and Costs at 2-3.

Focusing on Ms. Levenberg's level of experience at the time the motion was filed - almost nine years, rather than at the time when the work was performed, Petitioner maintains that the hourly rates sought - $350 per hour for work performed in 2021 and $375 per hour for work performed in 2022, is appropriate under the hourly rates listed in the Attorneys' Forum Hourly Rate Fee Schedule for 2022, found at the Court's website at www.uscfc.uscourts.gov. Motion for Attorney's Fees and Costs at 2-3. However, this is a misapplication of the OSM fee schedule. An attorney's years of experience practicing law is based upon the attorney's bar admission and is calculated at the beginning of each year during which the work is performed. *E.g.,* Attorneys' Forum Hourly Rate Fee Schedule for 2022, at 3 n.8. No allowance is made for the specific month of an attorney's bar admission. Thus, the level of experience previously cited for Ms. Levenberg's 2021

3

work – seven years, is accurate. It is inaccurate only for work performed in 2022, when Ms. Levenberg would be considered to have eight years of experience.

Because the range for an attorney having eight to ten years of experience in 2022 is $336 to $427, the previously awarded hourly rate of $275 for work Ms. Levenberg performed that year is in fact *below* the applicable range. Thus, I will allow an increase in her rate for 2022, but only to $350. I find this hourly rate to appropriate for an attorney at the lower end of the eight to ten-year range who performs quality work as Ms. Levenberg does. I shall apply similar reasoning when assessing any future motions for attorney's fees and costs in SPU cases in which Ms. Levenberg performed work in the 2022 calendar year. As usual, the parties may present any additional evidence relevant to this rate calculation in those other cases, if desired.

Accordingly, I reduce Ms. Levenberg's rate for time billed in 2021, to $275 per hour, as consistent with what has previously been awarded. I also reduce Ms. Levenberg's rate for time billed in 2022, but only to $350 per hour. Although greater than the rate which was previously awarded, this revision is appropriate due to the additional information - now provided, which shows the hourly rate previously awarded - $275, lower than the applicable range for Ms. Levenberg's correct level of experience. These rates result in a reduction of attorney's fees to be awarded of **$1,405.00**.[3]

## ATTORNEY COSTS

Petitioner requests $1,836.65 in overall costs. ECF No. 29 at 15. This amount is comprised of medical records and shipping costs and the Court's filing fee. *Id.* I have reviewed the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$17,695.65** (representing $15,859.00 in fees and $1,836.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

---

[3] This amount consists of ($350 - $275 = $75 x 15.5 hrs.) + ($375 - $350 = $25 x 9.7 hrs.) = $1,405.00).

4

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.